UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-80175-RAR

**JONATHAN KORMAN**,

    Plaintiff,

v.

**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**, *et al.*,

    Defendants.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR REMAND

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Bruce E. Reinhart's Report and Recommendation on Motion for Remand [ECF No. 37] ("Report"), entered on May 17, 2022. The Report recommends that the Court grant Plaintiff's Motion to Remand [ECF No. 10] ("Motion"). Report at 1. Defendants filed objections to the Report on June 7, 2022 [ECF No. 44] ("Objections"), Plaintiff filed a Response [ECF No. 45] on June 14, 2022, and Defendants filed a Reply [ECF No. 48] on June 20, 2022.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Bruce E. Reinhart's legal and factual findings. As explained herein, upon careful review, the Report is **REJECTED**, and Plaintiff's Motion for Remand is **DENIED**.

## BACKGROUND

On December 30, 2021, Plaintiff filed his original Complaint in the Fifteenth Circuit Court in and for Palm Beach County, Florida against Defendants Berkshire Life Insurance Company of

America ("Berkshire") and Guardian Life Insurance Company of America ("Guardian") (collectively, "Insurer Defendants") for breach of contract to recover "past unpaid disability benefits and reinstatement of disability." [ECF No. 10] at 1. On February 3, 2022, the Insurer Defendants timely removed the case to federal court on the basis of diversity jurisdiction. [ECF No. 1] ("Notice of Removal"). On that same date, the Insurer Defendants also filed counterclaims against Plaintiff seeking relief "arising out of the insurance fraud perpetrated by Plaintiff." [ECF No. 5] ¶ 1.

On February 21, 2022, Plaintiff filed the First Amended Complaint [ECF No. 9] ("Am. Compl.") pursuant to Fed. R. Civ. P. 15(a)(1)(B) and the present Motion for Remand. In the Amended Complaint, Plaintiff named an additional defendant, Thomas Hensel, and brought six claims against him for civil conspiracy (Counts V and VI), tortious interference with a business and/or contractual relationship (Counts VIII and IX), and aiding and abetting fraud (Counts X and XI). *See generally* Am. Compl. Plaintiff asserts that "it was [his] intent to name Thomas E. Hensel following specific discovery surrounding these issues." Mot. at 5. The Insurer Defendants argue that remand is inappropriate because (1) at the time the Amended Complaint was filed, Hensel was a Texas citizen, not a Florida citizen and (2) even if he was a Florida citizen at the time, his joinder was improper as there is no reasonable possibility that Plaintiff can state any valid claim against him. [ECF No. 26] ("Resp. to Mot.") at 2.

## LEGAL STANDARD

When a motion to remand seeks both joinder and remand, it is governed by 28 U.S.C. § 1447(e), which provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Gallup v. Wal-Mart Stores E., LP*, No. 20-CV-14131, 2020 WL 5981473, at *1 (S.D. Fla. Oct. 8, 2020) ("When a

plaintiff seeks to join a party that would destroy diversity jurisdiction after removal, the analysis begins with 28 U.S.C. § 1447(e) rather than the liberal amendment standards of Fed. R. Civ. P. 15."). In such situations, the court has just "two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Gonzalez v. Home Depot USA Inc.,* No. 21-CV-23279, 2021 WL 5027330, at *1 (S.D. Fla. Oct. 29, 2021) (quoting *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998)).

"A post-removal request to join a non-diverse party defendant 'is left to the discretion of the district court.'" *Laposa v. Walmart Stores E. LP*, No. 2:20-cv-182-FtM-29NPM, 2020 WL 2301446, at *2 (M.D. Fla. May 8, 2020) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992)). When evaluating a motion to join a new, non-diverse defendant, the court "should scrutinize that amendment more closely than an ordinary amendment." *Andreasen v. Progressive Express Ins. Co.*, 276 F. Supp. 3d 1317, 1328 (S.D. Fla. 2017) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. *Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354, 1356 (S.D. Fla. 2013) (citing *Hensgens*, 833 F.2d at 1182).

In determining whether joinder is appropriate, courts consider four factors commonly known as the *Hensgens* factors. *See Hensgens*, 833 F.2d at 1182. These include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff would be significantly injured if amendment were not permitted; and (4) any other factors bearing on the equities. *See Gonzalez*, 2021 WL 5027330, at *2 (citing *Hensgens*, 833 F.2d at 1182). "Additionally, the Court should also consider whether the joinder of the non-diverse party is fraudulent." *Id*. (citing *Laposa*, 2020 WL 2301446, at *2) (citation omitted).

## ANALYSIS

Here, Plaintiff seeks to join a non-diverse party after removal. Contrary to Plaintiff's response to Insurer Defendants' objections, [ECF No. 45] ¶ 2, Plaintiff's Motion requires the Court's analysis under 28 U.S.C. § 1447(e)—not the liberal amendment standards pertaining to Fed. R. Civ. P. 15. *See Gallup*, 2020 WL 5981473, at *1; *see also Ingram*, 146 F.3d at 862. Accordingly, the Court proceeds by carefully examining the *Hensgens* factors—noting that the parties do not start out on equal footing.[1] *Small*, 923 F. Supp. 2d at 1357.

Upon review of the *Hensgens* factors, and given the right diverse defendants have to choose between a state and federal forum, the Court finds that the balance of equities weigh in favor of denying joinder of Defendant Thomas Hensel.

> i. *The purpose of the amendment is to defeat diversity jurisdiction and Plaintiff was dilatory in seeking amendment.*

The timing and substance of the amendment supports a finding that Plaintiff's motivation in seeking joinder is to destroy diversity jurisdiction. *See Small*, 923 F. Supp. 2d at 1357. Because the first two *Hensgens* factors require a similar analysis, the Court will address them together.

Courts have found that filing an Amended Complaint and a Motion to Remand on the same day can indicate specific intent by Plaintiff to destroy diversity jurisdiction. *See Ibis Villas at Miami Gardens Condo Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999)). This is *especially* true when the motion to remand is filed before any discovery has taken place. *See id*.

---

[1] This is because of the diverse defendant's right to choose between a state or federal forum. *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000). Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes. *Id*. (citing *Hensgens*, 833 F.2d at 1181). Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to and litigate in federal court when diversity of citizenship does exist. *Id*.

Plaintiff filed his Complaint in state court on December 30, 2021. [ECF No. 1] ("Notice of Removal") ¶ 3. Insurer Defendants sought timely removal on February 3, 2022. *See* Notice of Removal. On February 21, 2022, Plaintiff filed an Amended Complaint, asking for leave to join Defendant Thomas C. Hensel to this action. *See* Am. Compl. That same day, Plaintiff filed this Motion. In the Motion, Plaintiff states that he "anticipated adding HENSEL, individually as a defendant following discovery depositions."[2] Mot. ¶ 4. Later, in Plaintiff's response to Insurer Defendants' objections, he makes a different representation to the Court. He contends that it was Insurer Defendants' "spurious" allegations in their Answer/Counterclaims that necessitated Hensel's joinder to the action. [ECF No. 45] ¶ 3. With two different and threadbare explanations—all on the heels of a Notice of Removal and prior to any additional discovery—the facts strongly suggest that the requested amendment is a blatant attempt to evade this Court's jurisdiction. *See Ibis Villas*, 799 F. Supp. 2d at 1335.

Additionally, courts often look to whether plaintiff was aware or should have been aware of the non-diverse defendant at the time the suit was filed to determine the purpose of plaintiff's requested joinder. *Id*. (citing *Seropian v. Wachovia Bank, N.A.*, No. 10-80397, 2010 WL 2822195, at *3 (S.D. Fla. July 16, 2010)). Here, Plaintiff was aware of Hensel's involvement in his insurance claim from the moment Hensel traveled to Palm Beach County, Florida on May 14, 2021 to interview and interact with Plaintiff. Mot. at 3; *see also* Resp. to Mot. at 5. That was at least six months prior to the time Plaintiff filed his Complaint. Resp. to Mot. at 10. Further, at the time Plaintiff sought joinder, the parties had yet to begin discovery in earnest. *Id*. at 12. Given this lack of discovery, it is highly unlikely that Plaintiff obtained any new information he did not already possess at the time he filed his Complaint. As Insurer Defendants rightly point

---

[2] Moreover, Plaintiff fails to explain in either filing what additional information he believed he would learn during discovery that he did not know at the time he filed the original suit.

out in their objections, Objections at 15–16, these facts support a finding that Plaintiff was dilatory in his requested amendment.[3] *See Absorbezz LLC v. Hierseman*, No. 19-61442-CIV, 2019 WL 11506034, at *3 (S.D. Fla. Sept. 12, 2019) (citations omitted) (holding that where plaintiff was clearly aware of potential defendant prior to the beginning of the case, plaintiff was dilatory in seeking to add defendant until after removal). In sum, the Court finds that the first two *Hensgens* factors weigh against allowing Plaintiff to amend—and show a motivation to amend for the sole purpose of destroying diversity jurisdiction.

    ii. *Plaintiff would not be significantly injured by its failure to join Thomas Hensel.*

As a starting point, the Court must acknowledge Plaintiff's failure to offer any arguments in response to Insurer Defendants' Objections to the Report—specifically, Plaintiff fails to dispute Insurer Defendants' contention that Plaintiff would not be significantly harmed if the Court denies Plaintiff's request to join Hensel. *See* [ECF No. 48] at 2–3. Insurer Defendants argue that "Hensel is not a necessary or indispensable party to prove Korman's claims against Berkshire and Guardian, there is no suggestion that a judgment against Berkshire and Guardian will not make Korman whole, and Korman's claims against Hensel do not state a cause of action in any event." Objections at 16. Korman has failed to show that he will not be able to obtain full relief on his claims without the presence of Hensel as a defendant. *See Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1356 (S.D. Fla. July 24, 2013) (holding plaintiff did not show he would be significantly prejudiced by the court's denial of his post-removal request to join an employee of defendant store because plaintiff could obtain a judgment without the presence of the employee as

---

[3] To the extent Plaintiff argues that his request to join Hensel is the result of Defendants' filing of counterclaims, the Court is not persuaded by this argument. [ECF No. 27] ¶ 3. Prior to Plaintiff's filing of the instant Complaint, Defendants notified Plaintiff via two letters on June 16, 2021 and September 23, 2021, that Plaintiff had received an overpayment of more than $1 million dollars. [ECF No. 5] ¶ 81. In filing this action, Plaintiff could not have "forgotten" that he may face court action as a result of his failure to return any of the purportedly overpaid or excess benefits to Defendants.

a defendant and there was no suggestion that defendant store would be unable to satisfy a judgment). Hensel is an employee of Guardian, [ECF No. 26-1] ¶ 8, and Plaintiff alleges that Hensel acted at all material times as an agent of Berkshire and Guardian. Am. Compl. ¶ 9. Here, Plaintiff can obtain a judgment against Insurer Defendants without Hensel; discovery will allow Plaintiff to access the same information with or without Hensel in the case; and there has been no suggestion that Insurer Defendants would be unable to satisfy a judgment.[4] *See Osgood*, 955 F. Supp. 2d at 1356; *see also Small*, 923 F. Supp. 2d at 1358. Given Plaintiff's ability to seek full redress against the current named Defendants, and Plaintiff's failure to adequately refute Insurer Defendants' contention that Plaintiff will not be significantly harmed by the denial of amendment, the Court finds that this factor weighs in favor of Insurer Defendants.

   iii. *Other factors bearing on equities.*

Having reviewed the first three *Hensgens* factors, the Court finds that joinder would be inappropriate in this case. Nonetheless, for the sake of completeness, the Court turns to "other factors bearing on the equities," *Gonzalez*, 2021 WL 5027330, at *2.

   a. Fraudulent Joinder

While the fraudulent joinder doctrine does not wholly apply[5] in this case, fraudulent joinder can be an important consideration in assessing whether joinder is appropriate in a post-removal context. *See Mayes*, 198 F.3d at 463. In the post-removal context, the fraudulent

---

[4] In an attempt to show prejudice, Plaintiff conclusorily avers that failure to permit amendment "would be a serious injury and travesty of justice." [ECF No. 27] at 3–4. This unsubstantiated assertion, however, fails to illustrate how Plaintiff would be unable to obtain full relief against the Insurer Defendants.

[5] The fraudulent joinder doctrine is not the applicable standard on the joinder of a non-diverse defendant after removal. *Ibis Villas*, 799 F. Supp. 2d 1337 (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed. This court's caselaw reflects that the doctrine has permitted courts to ignore . . . only those non-diverse parties on the record in state court at the time of removal.") (collecting cases); *Mayes*, 198 F.3d at 463 (fraudulent joinder doctrine "does not directly apply after removal because the district court already possesses jurisdiction.")).

joinder doctrine is not dispositive. "It is simply another tool in the district judge's belt for scrutinizing the plaintiff's motive for joining a nondiverse party." *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 764 (7th Cir. 2009). And while fraudulent joinder may be a sufficient condition to establish that post-removal joinder should not be permitted under section 1447(e), *see Mayes*, 198 F.3d at 463, it is not a necessary condition to show that post-removal joinder should not be permitted under section 1447(e).

The federal court's fraudulent joinder analysis "must be limited to determining whether Plaintiffs have even an arguable claim. So, any ambiguity or doubt about the substantive state law favors remand to state court." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) (citing *Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997)). The Eleventh Circuit has held that "if there is any possibility that the state law might impose liability on a resident defendant **under the circumstances alleged in the complaint**, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence*, 484 F.3d at 1299 (emphasis added). In other words, if there is ambiguity or doubt as to the substantive state law, remand to state court is favored. Importantly, such determination is made on the basis of the circumstances alleged in the complaint, *see id.*, not on any set of facts and circumstances that a Plaintiff may be able to conjure up in a future amended pleading.

Plaintiff brings six claims against Mr. Hensel:

- Count V – Civil conspiracy between Mr. Hensel and Guardian
- Count VI – Civil conspiracy between Mr. Hensel and Berkshire
- Count VIII – Tortious Interference with a business and/or contractual relationship with Guardian
- Count IX – Tortious interference with a business and/or contractual relationship with Berkshire
- Count X – Aiding and abetting fraud with Guardian
- Count XI – Aiding and abetting fraud with Berkshire

Am. Compl. at 13–22. In all instances, the Report concluded that as currently pled, Plaintiff

would likely fail to state a cause of action under any of these counts—unless Plaintiff was given the opportunity to amend his complaint. *See* Report at 12–19; *see also* Objections at 9. By this logic, Insurer Defendants argue, "there is almost no situation under which the no-possibility standard would apply, as a court could always theoretically allow a party to amend a complaint with some unknown fact." Objections at 10. The Court agrees.

Here, the Court is compelled to consider only the allegations actually pled—not iterations of what Plaintiff could possibly plead if given the chance to amend. With that in mind, the Court agrees with the Report only insofar as it states that Plaintiff has provided little by way of factual allegations to support any of his claims against Hensel. Report at 12–19. However, a finding as to fraudulent joinder is ultimately unnecessary given that the first three *Hensgens* factors strongly support denying joinder.

        b. The Insurer Defendants have an interest in remaining in federal court.

While plaintiff has the initial choice in selecting the forum, once plaintiff initiates an action, defendant has a statutory right to select its chosen forum when a case is properly removable. *See Small*, 923 F. Supp. 2d at 1357 (citing *Bevels v. American States Ins. Co.,* 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000)). Here, Insurer Defendants have an interest in litigating this case in federal court. Resp. to Mot. at 13. The Court takes that interest into account when weighing the equities. *See Hensgens*, 833 F.2d at 1182. Thus, on balance, the "other factors" weigh in favor of Insurer Defendants.

## **CONCLUSION**

Upon consideration of the *Hensgens* factors, the Court denies Plaintiff's post-removal request to join Thomas Hensel.[6] Having carefully reviewed the Motion for Remand [ECF No.

---

[6] Because the Court finds that the section 1447(e) factors weigh in favor of denying joinder, the Court need not determine Hensel's citizenship.

10], Defendant's Response [ECF No. 26], Plaintiff's Reply [ECF No. 27], the Report, the Objections and all related pleadings, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 37] is **REJECTED**.

2. Plaintiff's Motion for Remand [ECF No. 10] is **DENIED.**

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 18th day of July, 2022.

_____
**RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE**